IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANK BRETT,  : NO. 06-410 GMS
    Plaintiff

vs.  :

ANDRE WOODLEY,
SCOTT GELNET (AMERICAN FAMILY
MORTGAGE),
SOVEREIGN BANK,
SCOTT GLENETT'S BROTHER IN LAW
(LOAN DEPARTMENT-VICE PRESIDENT),
DENNIS MUIR, ESQUIRE,
KRISTINE CALAHAN,
JONI BERNER, ESQUIRE,
CHERYL BRETT,
    Defendants  :



### MOTION TO DISMISS BY DEFENDANT, DENNIS J. MUIR, ESQUIRE
### PRESENTING DEFENSES OF
### FAILURE TO STATE A CLAIM UNDER RULE 12 (B) 4
### LACK OF JURISDICTION UNDER RULE 12 (B) (1)
### IMPROPER VENUE –Rule 12 (B) 3
### MOTIN TO DISMISS FOR FAILURE TO PLEAD PROPERLY –RULE 8
### MOTION FOR MORE DEFINITE STATEMENT-RULE 12 (E)

Defendant, Dennis J. Muir, Esquire, moves the Court as follows:

1. Dennis J. Muir, Esquire is one of the above named Defendants.

2. Answering Defendant is a self-employed attorney who is licensed to practice law in the Commonwealth of Pennsylvania (Attorney I.D. 36549) and operates his practice out of offices located at 2 West Baltimore Avenue, Suite 320, Media, PA.

3. The relationship to the Plaintiff, Frank Brett to the answering Defendant was as his Divorce attorney.

4. I was Plaintiff's second or third divorce attorney at the time I was retained.

5. Divorce attorney was the only relationship answering Defendant had with Plaintiff and the Divorce action and any conversations or allegation contained in the Complaint occurred in Delaware County, Pennsylvania.

6. Plaintiff informed Defendant that he no longer requested my services on or about February 14, 2005, Plaintiff then moved to Florida abruptly.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

7. Plaintiff clearly fails to state any cause of action against the named Defendant upon which any relief can be granted.

8. Upon review of Plaintiff's Complaint, they are not clear, concise, nor do they inform this Defendant of any clear allegation against answering Defendant.

9. Plaintiff cites numerous Federal Statutes in the caption, not of which can in any way apply to Answering Defendant, that is:

    a) **15 USCA 1639**: Has to do with Requirements concerning the issuance of Mortgages and does not in any way pertain to answering Defendant's business relationship with Plaintiff, that of Divorce attorney. Nor is Answering Defendant a Bank or financial institution that grants mortgages
    b) **15 USCA 1681**: This section concerns Credit Reporting Agencies and states only the Congressional Purposes and again has nothing to do with the Answering Defendant
    c) **15 USCA 1601-1614**: This statute cites the law of the issuance of credit, credit cards, mortgages under $25,000.00, etc. Again this statute has nothing to do with the Answering Defendant, his business relationship to Plaintiff nor is answering Defendant a Bank, or agency or business issuing credit, credit cards, etc. Answering Defendant is a self-employed attorney.
    d) **12 USCA 2601**: This statute deals in Real Estate Settlement Procedures and once again has nothing to do with the business relationship with Plaintiff and Answering Defendant, nor does Answering Defendant conduct or is involved with real estate settlements, except to represent a client at one to make sure these laws are followed.
    e) **12 CFR 226.9**: This regulation pertains to Banks and Banking. Answering Defendant is not a Bank nor does he do any business as a Banker or Banking institution.
    f) **47 USCA 214, 222, 223, 225, 332, 605**: These statues deal with telecommunications and radio companies and Answering Defendant is not involves in these areas at all.

10. In reading the rambling facts as contained in the Complaint, there is not any specific allegation that Answering Defendant has violated any one of these named statutes.
11. There are no facts in Plaintiff's Complaint, beyond a doubt that point to any action on the part of the Answering Defendant that would result in any relief to Plaintiff.

**WHEREFORE**, answering Defendant requests this Court Dismiss Plaintiff's Complaint as against the Answering Defendant.

### ARGUMENT FOR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint demonstrates that the Plaintiff cannot prove any set of facts that would enable it to relief. **Hishon v. King & Spalding,** 467 U.S. 69-73, 104 S. Ct. 2229, 2232 (1984).

Unfortunately, this answering Defendant cannot really summarize the facts the Plaintiff is alleging against answering Defendant. There are few specific dates and no times alleged, except on the first page there is a list of 4 dates, January 6, 2005- first time, January 7, 2005-second time, January 15, 2005- third time and January 20, 2006, 4th time.

Plaintiff vaguely associates these dates with some of the statements about answering Defendant in the Complaint. IN reviewing the Complaint, here are no allegations made against answering Defendant until item 5 on Attachment B to the Complaint ,wherein Plaintiff claims that myself, along with all other Defendant's violated his right to privacy. Plaintiff goes on to state that answering Defendant deceived him when Plaintiff told Answering Defendant that Scott Gelmet and Cheryl Brett had recorded Plaintiff's conversations and that those individuals had "bad intent and used foul language several times. Cheryl Brett said she was going to kill me and steal all of my money for last two years, since the end of 2004". Plaintiff does not state what the deceit was that Answering Defendant allegedly committed against Plaintiff, Plaintiff just states what he told Answering Defendant, which does not state any claim for any violation of Federal Law and definitely not for any statute cited by the Plaintiff in his complaint.

In attachment B, page 2, Plaintiff states that he called my attorney (Answering Defendant), and that Answering Defendant said "it sounds good", (I believe he was referring to a proposal to refinance the marital home), though not stated that way in the complaint. Answering Defendant is guessing that at a settlement for this loan, Defendant Scott Gelnett indicated that the mortgage rates had changed. Plaintiff claims that he then called Answering Defendant about the increase and I said "Yes, that is the way it is sometimes" However the rest of the paragraph makes no sense to answering Defendant in

that he seems to be referring to another conversation where answering Defendant allegedly stated that the Truth in Lending statement look good and "with the lock in rate". It is not clear whether he is talking about another transaction or not.

On page 3, Plaintiff claims that he called answering Defendant about the difference in points, but now the date is January 27, 2005 not January 7th as stated on page 2. The rest of the allegations seemed to state that Answering Defendant told him it was OK to go to a strip bar and that answering Defendant would make sure everything is OK. Plaintiff alleges that he also told answering Defendant that Defendant Gelnett has his cell phone on during Plaintiff conversations with him. Plaintiff then asked if Answering Defendant though that was a violation of his first Amendment Rights and Plaintiff claims the answer was no –"He was mad and called me a dude"

On page 4, Plaintiff states that he was trying to save the loan, so apparently it seems, or it can be suggested that he did not settle or sign any loan papers at this point. Plaintiff further states he was talking with his ex-wife, Cheryl Brett and said "That my lawyer Dennis Muir was moving to slow". Plaintiff said he told answering Defendant about his conversation with Defendant Brett and that on January 17, 2005 "Dennis Muir said it does not matter. Dennis said a cell phone cannot record a message"

Finally, Plaintiff states that he called answering Defendant to tell him about another conversation with Defendant Brett. "I called Dennis Muir and told him that Cheryl Brett must be recording me. He said not to worry about it. I told Dennis Muir that after every conversation with Cheryl Brett and Scot Gelnet that my rates changed and went up"

These are the only references to answering defendant in the Plaintiff's Complaint. Taken as true, there is clearly no cause of action that can even be inferred from these allegations.

Answering Defendant requests that Plaintiff's Complaint be Dismissed.

### MOTION FOR IMPROPER VENUE
### MOTION FOR LACK OF JURISDICTION

12. Paragraphs one (1) through eleven (11) are incorporated herein as though set forth in full.

13. In all circumstances involving any dealings with Plaintiff as his divorce lawyer were conducted in Delaware County, Pennsylvania.

14. There are no contacts with the State of Delaware that are clear or apparent in Plaintiff's Complaint.

15. This Court has no subject matter jurisdiction to bring this action, in that, as Answering Defendant is not a Bank or loan institution, mortgage broker,

4

credit agency or telecommunication or radio communication company there is no Federal Question jurisdiction against Answering Defendant.

16. There is no Diversity jurisdiction in that amount in controversy would not exceed $75,000.00

**WHEREFORE,** answering Defendant requests this Court Dismiss Plaintiff's Complaint as against the Answering Defendant.

## ARGUMENT

### A. Lack of Jurisdiction

As this Court well knows, jurisdiction is limited to cases arising under the U.S. Constitution or federal law or cases involving diversity of citizenship. See 28 U.S.C. Sections 1331, 1332. As stated in the Motion, answering Defendant does not see any federal law or question that would apply to him in Plaintiff's Complaint. Answering Defendant is not a Bank or loan institution, nor is he a credit agency, mortgage broker or telecommunications agency. None of the federal statutes cited by the Defendant in his vague complaint apply to the answering defendant who is a self-employed attorney. There is nothing apparent in the face of the Complaint with respect to a Constitutional claim against the Defendant.

With respect to diversity, even though the Plaintiff states "I would like to sue for $415, 800.00". From the face of the Complaint as it applies to Answering Defendant would not even reach the $75,000 .00 statutory minimum and no where in the Complaint does Plaintiff spell out the basis of how he reached $415,800.00. Answering Defendant does not see any basis for supplemental jurisdiction from the face of Plaintiff's Complaint. Therefore, because this suit does not give rise to federal questions, diversity or supplemental jurisdiction, the Court lacks subject matter jurisdiction and should dismiss the Plaintiff's suit.

### A. Improper Venue:

If an action is filed in an improper judicial district, the Court may dismiss the action upon timely objection or, in the interests of justice, may transfer the case to a district where the action could have been brought. 28 U.S.C. Section 1406(a). The Court should dismiss this case because a substantial part of Plaintiff's claim did not occur in the State of Delaware. **Uffner v. La Reunion Francaise,** 244 F 3d. 38, 42 (1st Cir. 2001); **First Mich Corp. v. Bramlet,** 141 F 3d 260, 263 (6th Cir. 1998). All the facts that the Plaintiff alludes to in his Complaint all happened in or about Delaware County, Pennsylvania, which is in the Eastern District of Pennsylvania. The answering Defendant's relationship with Plaintiff was that of divorce

Lawyer, with the Divorce being litigated in Delaware County, Pennsylvania.

### MOTION TO DISMISS FOR FAILING TO PLEAD PROPERLY

17. Paragraphs one (1) through fifteen (15) are incorporated herein as though set forth in full.

18. Federal Rule of Civil Procedure 8 requires that pleadings must include a short statement on the grounds for jurisdiction, the claims presented and the relief sought.

19. Plaintiff's Complaint does none of these and is a rambling statement of facts not associated with any particular statute(s), acts on the part of answering Defendant to give him any minimal notice of Plaintiff's claims.

WHEREFORE, answering Defendant requests the Court dismiss Plaintiff's Complaint against the Answering Defendant.

### MOTION FOR A MORE DEFINITE STATEMENT

20. Paragraphs one (1) through eighteen (18) are incorporated herein as though set forth in full.

21. Rule 12 (e) of the FRCP allows a Defendant to file a Motion asking the Plaintiff to file a more specific statement if the complaint is so vague so ambiguous that the Defendant cannot file a responsive pleading.

22. Answering Defendant so states that if this Court does not dismiss this Complaint as prayed in the above stated Motions, that the Complaint is, in fact, ambiguous and vague, that there are no dates and times alleged with any action of Answering Defendant, that there are no concise paragraphs specifically alleging that answering Defendant violated any statute or law.

23. Plaintiff's complaint is a ongoing ramble of facts that so not give this answering Defendant any way of filing a responsive pleading.

**WHEREFORE**, answering Defendant requests this Court, that if it does not Dismiss the Complaint as previous prayed on the above Motions, to at least require Plaintiff to file an Amended Complaint for a more concise statement of facts, as mandated by Rule 12(e).

Respectfully submitted,

**DENNIS J. MUIR, ESQUIRE**
DEFENDANT-PRO SE
2 West Baltimore Avenue
Suite 320
Media, PA 19063
610- 566-3130

COMMONWEALTH OF PENNSYLVANIA:

COUNTY OF DELAWARE:

## VERIFICATION

I, *Dennis J. Muir, Esquire*, **Defendant** in the above entitled action, and being duly sworn according to law, deposes and states that that the statements as set forth in the foregoing **Motions to Dismiss** are true and correct to the best of his knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

_____
DENNIS J. MUIR, ESQUIRE

DATED: 10/20/06

## CERTIFICATE OF SERVICE

Dennis J. Muir, Esquire, hereby certifies that on October 20, 2006, he did cause a true and correct copy of the **MOTIONS TO DISMISS**, to be served on the below listed individual by first class mail, postage prepaid to:

Frank Brett-Plaintiff
120 Valencia Road
Rockledge, Florida 32955
Plaintiff-Respondent-Pro Se


_____
Dennis J. Muir, Esquire
Defendant-Pro Se
Attorney I.D. 36549

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANK BRETT,
    Plaintiff

: NO. 06-410 G MS

vs.   :

ANDRE WOODLEY,
SCOTT GELNET (AMERICAN FAMILY
MORTGAGE),
SOVEREIGN BANK,
SCOTT GLENETT'S BROTHER IN LAW
(LOAN DEPARTMENT-VICE PRESIDENT),
DENNIS MUIR, ESQUIRE,
KRISTINE CALAHAN,
JONI BERNER, ESQUIRE,
CHERYL BRETT,
    Defendants   :



### ORDER ON DEFENDANT, DENNIS J. MUIR, ESQUIRE'S MOTION TO DISMISS PRESENTING DEFENSES OF FAILURE TO STATE A CLAIM UNDER RULE 12 (B) 4 LACK OF JURISDICTION UNDER RULE 12 (B) (1) IMPROPER VENUE –Rule 12 (B) 3 MOTIN TO DISMISS FOR FAILURE TO PLEAD PROPERLY –RULE 8 MOTION FOR MORE DEFINITE STATEMENT-RULE 12 (E)

After considering Defendant, Dennis J. Muir's Motions and the response thereto, the Court

    GRANTS said Motion For Failure to State a Claim and dismisses the Plaintiff's suit.

    Or

    GRANTS the Motion for Improper Venue and dismisses plaintiff's suit without prejudice to refilling in another district or jurisdiction

    Or

  GRANTS. The Motion for a More Specific Statement and ORDERS plaintiff to amend the Complaint with a more definite statement of the claim by _____ _____ 200\_\_\_.

SIGNED ON _____

               _____
               U.S. DISTRICT JUDGE

DENNIS J. MUIR, ESQUIRE
Defendant Pro Se
2 West Baltimore Avenue
Suite 320
Media, PA 19063

2