IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANK BRETT, : | |
| : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 06-410 GMS |
| v. : | |
| : | |
| ANDRE WOODLEY, : | |
| SCOTT GELNETT (AMERICAN FAMILY : | |
| MORTGAGE), : | |
| SOVEREIGN BANK, : | |
| SCOTT GELNETT'S BROTHER IN LAW : | |
| (LOAN DEPARTMENT VICE : | |
| PRESIDENT), : | |
| DENNIS MUIR, ESQUIRE, : | |
| KRISTINE CALALANG, : | |
| JONI BERNER,      and : | |
| CHERYL BRETT, : | |
| : | |
| Defendants. : | |

## DEFENDANT SOVEREIGN BANK'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

Dated: November 2, 2006
Wilmington, DE

Respectfully submitted,

BUCHANAN INGERSOLL PC

By: /s/ Margaret M. Manning
Margaret M. Manning (#4183)
Magdeline Coleman (#4804)
The Nemours Building
1000 West Street, Suite 1410
Wilmington, DE 19801
(302) 552-4200
(302) 552-4295 (fax)
Attorneys for Sovereign Bank

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................................... *i*

TABLE OF AUTHORITIES ............................................................................................................ *ii*

NATURE AND STAGE OF THE PROCEEDING ........................................................................ 1

SUMMARY OF ARGUMENT ....................................................................................................... 1

STATEMENT OF FACTS .............................................................................................................. 2

ARGUMENT .................................................................................................................................... 2

      I.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM. ............................. 2

      II.   THIS COURT LACKS JURISDICTION ................................................................... 6

      III.  THE COMPLAINT FAILS TO PROPERLY PLEAD EACH CLAIM……………………8

      IV.  MOTION FOR A MORE DEFINITE STATEMENT ............................................... 8

CONCLUSION ................................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

15 U.S.C. § 1640(e) ............................................................................................................. 5
*Briscoe v. LaHue*, 663 F.2d 713 (7th Cir. 1981)................................................................... 3
*Burger King Corp. v. Rudziewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) ............................................................................................................................ 7
*Conley v. Gibson* 355 U.S. 41, 48, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) ........................................ 3
*Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F. 3d 1287, 1302 (3d Cir. 1996) ............................................ 7
*Derensis* , 930 F. Supp at 1014 ............................................................................................... 7
*Derensis et al. v. Coopers & Lybrand Chartered Accountants, et al.*, 930 F. Supp. 1003, 1012 (D.N.J. 1996)................................................................................................................. 3
*Helicopteros Nacionales de Columbia, A.S. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 1873, 80 L. Ed. 2d 404 (1984) ..................................................................................................... 7
*Henry Heide, Inc. v WRH Prods. Co.*, 766 F. 2d 105, 108 (3rd Cir. 1985)................................. 7
*Interfaith Community Organization v. Allied-Signal, Inc.*, 928 F. Supp. 1339, 1346 (D.N.J. 1996) ............................................................................................................................ 3
*Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1042 (2d Cir. 1992) .......................... 4
*Kaiser Aluminum v. Avondale Shipyards Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) .................... 4
*La Porte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1255 (5th Cir. 1986)..................... 4
*McCoy v. United States*, 758 F.Supp. 299 (E.D. Pa. 1991) ................................................... 3
*Mellon Bank v. Farino*, 960 F. 2d 1217, 1223 (3d Cir. 1992) ................................................ 7
*Neitzke v. Williams*, 490 U.S. 319, 326-27, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989)................ 3
*Papasan v. Allain*, 478 U.S. 265, 286 (1986) ........................................................................ 3
*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed 2d 490, 100 S. Ct. 559 (1980) ............................................................................................................................ 7
*Wright v. Xerox Corp.*, 882 F. Supp. 399, 404-05, (D.N.J. 1995) ............................................ 7

**Statutes**

10 Del.C. § 3104 ................................................................................................................... 6
15 U.S.C. § 1601 ................................................................................................................... 5
47 U.S.C.A §§ 214, 222, 223, 225 and 332 ............................................................................. 5
*IMO Industries, Inc. v. Kiekart AG,* 155 F.3d 254 (3d Cir. 1998).............................................. 6
*Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) ................................. 6
*Shaffer v. Heitner*, 433 U.S. 186, 204, L. Ed. 2d 5683, 97 S. Ct. 2569 (1977) ........................... 6

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed his *pro se* Complaint and summons was issued on June 28, 2006, but service was never effected. Plaintiff then filed his *pro se* Amended Complaint on September 22, 2006 and a summons was reissued on October 6, 2006. Though Plaintiff has not properly served Defendant Sovereign Bank ("Sovereign") pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") or the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("D.Del. LR."), Sovereign Bank has become aware of the existence of these proceedings. Rather than permitting this case to languish on the Court's docket, Sovereign voluntarily comes forward to expedite the resolution of this case and to seek adjudication of the motion to dismiss filed contemporaneously herewith on the following grounds: (1) that the Amended Complaint fails to state a claim against Sovereign; (2) that this Court lacks personal jurisdiction over Sovereign; and (3) that the claims contained in the complaint are not properly plead. In the alternative, Sovereign requests that the Plaintiff be required to provide a more definite statement of its claim. Defendant Dennis Muir has also filed a Motion to Dismiss which is pending.

## SUMMARY OF ARGUMENT

Sovereign respectfully submits that the complaint should dismissed for several reasons. First, Plaintiff has failed to state a claim upon which relief can be granted. Specifically, the complaint fails because, not only does Plaintiff fail to articulate the elements of any of the claims he charges Sovereign with, he also fails to factually connect Plaintiff to any of the wrongful acts alleged in the Amended Complaint.

Second, this Court lacks jurisdiction over Sovereign, a non-resident of this jurisdiction who has taken no steps to avail itself of this Court.

Lastly, the claims contained in the Amended Complaint are not properly pleaded. Accordingly, Defendant Sovereign respectfully requests that the Amended Complaint be dismissed.

## STATEMENT OF FACTS

In early 2005, Sovereign Bank and Frank Brett ("Brett" or "Plaintiff") entered into a loan agreement ("Loan Agreement") pursuant to which Sovereign agreed to loan to Brett the principle loan amount of $300,000.00 payable over thirty (30) years at an interest rate of 4.875 percent. Brett executed the loan documents on or about February 7, 2005. Brett made periodic payments on the loan until approximately June of 2006 and has not paid any further payments since that time.

## ARGUMENT

Other than the forgoing, Sovereign has had no contact with Brett. Sovereign has no knowledge of the incidents described in the Amended Complaint. None of the acts complained of are linked to Sovereign or any of its employees, agents or representatives.

In addition to failing to state a claim upon which relief may be granted, Plaintiff has failed to properly plead each of his claims by failing to include a statement of the grounds upon which this Court's jurisdiction depends.

Furthermore, Sovereign is not subject to the jurisdiction of this Court, as Sovereign does not conduct business or otherwise meet the minimum requisite requirements to submit Sovereign to the jurisdiction of this Court.

I.  THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Rule 12(b)(6) allows a party to move for dismissal based upon the pleader's failure to state a claim upon which relief can be granted. The general federal policy of civil litigation is to

2

decide cases on the proofs, giving the plaintiff the benefit of every favorable inference that can be drawn from its allegations. *Derensis et al. v. Coopers & Lybrand Chartered Accountants, et al.*, 930 F. Supp. 1003, 1012 (D.N.J. 1996), *see also Conley v. Gibson* 355 U.S. 41, 48, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). However, the Court may dismiss under Rule 12(b)(6) where the pleadings "lack any cognizable basis in the law." *Id*. Indeed, "(i)f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or a close but ultimately unavailing one." *Id*., at 1012-1013, *citing Neitzke v. Williams*, 490 U.S. 319, 326-27, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989). Plaintiff's claims against Sovereign clearly fail under this analysis. Plaintiff has failed to state any specific allegations against Sovereign and, therefore, Plaintiff has failed to properly state a claim against this Defendant.

On a Fed.R.Civ.P. 12(b)(6) motion, the court is required to accept well-pleaded facts as true; however, it is not required to accept as true any legal conclusions, deductions or opinions alleged in or inferred from the allegations contained in the complaint. *See Interfaith Community Organization v. Allied-Signal, Inc.*, 928 F. Supp. 1339, 1346 (D.N.J. 1996) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) and *Briscoe v. LaHue*, 663 F.2d 713 (7th Cir. 1981), *aff'd*, 460 U.S. 325 (1983)).

If the acceptable facts pleaded in the complaint, and reasonable inferences drawn from such allegations, are legally deficient to state a claim, a motion to dismiss should be granted. *McCoy v. United States*, 758 F.Supp. 299 (E.D. Pa. 1991) (Vanartsdalen, J.). Dismissal is also appropriate where facts sufficient to support an affirmative defense, such as futility, appear on the face of the complaint. *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1042 (2d

Cir. 1992); *La Porte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1255 (5th Cir. 1986) (*citing Kaiser Aluminum v. Avondale Shipyards Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)), *cert. denied*, 459 US 1105 (1983).

The Amended Complaint has a major defect: it is devoid of the basic elements necessary to set forth any claims against Sovereign. In fact, it is difficult to tell what relation, if any, Sovereign has to the alleged wrongful acts described in the Amended Complaint.

As far as Sovereign can discern from the Amended Complaint, Brett references both "Sovereign Bank" and "Scott Gelnett's brother in law in Loan Department (Vice President)" as separate defendants. Brett's only references to Sovereign in the Amended Complaint are as follows:

- "[Scott Gelnett] kept changing the loan to get more money for him and his brother in law (Sovereign-(V President) bank.)…;

- #2. [Scott Gelnett] did not tell me about his brother in Law at Sovereign Bank until after I had Done the 1st Lock in Rate on 1/7/05 (sic). He kept pushing for Sovereign Bank…;

- #3. This was a Bait + Switch (sic) scheme by Scot Gelnet. Violates Truth in Lending + Lock in Rate changed. To profit Scot Gelnett + (Sovereign Bank employee.)…;

- #4. Scot Gelnett, Andre Woodley, Sovereign Bank, Cheryl Brett, Kristine Calalang, Joni Berner, Dennis Muir all violated my rights to privacy…;

- On 1/20/05 Scot Gelnett called me and said Sovereign Bank and his brother in law (Vice President in charge of Loans) changed the rates to 5 3/4 with 3/4 points…; and

- On 1/27/05 I met with Scot Gelnett he had changed the interest rate from (Sovereign Bank) and had changed the pts to plus 2 pts again."

4

While alleging a "bait and switch" scheme and violations of "Truth in Lending" as well as listing various titles and sections of the United States Code on the first page of the Amended Complaint, Plaintiff does not articulate the elements of a "bait and switch" scheme or "Truth in Lending" or Sovereign's involvement therein. Though the Amended Complaint does identify separate alleged acts on the part of Defendant Scott Gelnett, the Amended Complaint is devoid of any such reference to Sovereign; in addition, the Amended Complaint contains no allegations whatsoever that Sovereign had knowledge of or actively participated in any of the acts complained of by Plaintiff.

Assuming that the Plaintiff is referring to the Truth in Lending Act, 15 U.S.C. § 1601, et seq., Plaintiff brings his claim too late. According to the Amended Complaint, the alleged wrongful acts occurred on various dates, all in January 2005. However, the Amended Complaint was filed in June 2006, sixteen months later, which is outside the one year time limit for bringing claims under the Act. *See* 15 U.S.C. § 1640(e).

Furthermore, several of the sections of the United States Code listed by the Plaintiff do not apply to Sovereign. Specifically, 47 U.S.C.A §§ 214, 222, 223, 225 and 332 govern telecommunications carriers and companies and mobile services; Sovereign is a national bank who offers financial products and services including retail, business and corporate banking, cash and wealth management and insurance. Sovereign's business activities do not include or involve in any way whatsoever business activities as a telecommunications carrier or mobile servicer.

Sovereign has no knowledge of the allegations asserted in the Amended Complaint but, even if accepted as true, there is no cause of action asserted against Sovereign and, therefore, the Complaint should be dismissed with respect to Sovereign.

II.   THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF
      PERSONAL JURISDICTION OVER SOVEREIGN BANK

"Determining whether this Court has jurisdiction over defendant involves a two-step analysis. The Court must first determine whether the Delaware long-arm statute, 10 Del.C. § 3104, provides for jurisdiction in this case, a question of statutory construction. If the Court finds that it does, then the Court must decide whether exercise of that jurisdiction would offend the Due Process Clause of the Fourteenth Amendment." *Moore v. Little Giant Industries, Inc.*, 513 F. Supp. 1043 (D.Del. 1981). *See also* Fed.R.Civ.P. 4(e)(1) and *IMO Industries, Inc. v. Kiekart AG,* 155 F.3d 254 (3d Cir. 1998).

As articulated in *Moore v. Little Giant Industries, Inc.*, 513 F. Supp. 1043, in Delaware, the state long-arm statute is coextensive with the limit of due process. Once "a defendant has raised a jurisdictional defense, the burden shifts to the plaintiff to prove that the relevant jurisdictional requirements are met." *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Application of Delaware's long-arm statute to Defendant Sovereign, in the exercise of either specific or general jurisdiction, would offend due process. Consequently, the essential question is whether asserting personal jurisdiction over Sovereign would comport with the requirements of due process.

The Amended Complaint fails to state a basis to support personal jurisdiction as to Sovereign. Sovereign never has had and does not have any contacts with the forum in which this action was brought. A minimum contacts analysis focuses on the relationship between the "defendant, the forum and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, L. Ed. 2d 5683, 97 S. Ct. 2569 (1977). The contacts with the forum state must come from the defendant's action toward the state, so that the "defendant should reasonably anticipate being haled into court"

there. *Derensis*, 930 F. Supp at 1014, *citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed 2d 490, 100 S. Ct. 559 (1980).

Whenever personal jurisdiction is asserted with respect to a nonresident defendant, the court must first focus on the particular claim at issue and determine what relationship defendant had with the forum state. In that analysis, the plaintiff bears the burden of establishing, by a preponderance of the evidence, facts sufficient to support the exercise of personal jurisdiction. *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F. 3d 1287, 1302 (3d Cir. 1996); *Mellon Bank v. Farino*, 960 F. 2d 1217, 1223 (3d Cir. 1992). Plaintiff alleges no such facts establishing any claims against Sovereign in this forum, and so, personal jurisdiction over Sovereign must fail.

What constitutes minimum contacts varies with the 'quality and nature of the defendant's activity', but it is not enough for a plaintiff merely to claim a relationship with the nonresident defendant. *Wright v. Xerox Corp.*, 882 F. Supp. 399, 404-05, (D.N.J. 1995), *citing Helicopteros Nacionales de Columbia, A.S. v. Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 1873, 80 L. Ed. 2d 404 (1984). Plaintiff must show sufficient minimal contacts to prove specific jurisdiction: if the defendant has purposefully directed his activities at residents of the forum, or where a single act within the jurisdiction is connected with the injury sued upon. *Id.*, *citing Henry Heide, Inc. v WRH Prods. Co.*, 766 F. 2d 105, 108 (3rd Cir. 1985) and *Burger King Corp. v. Rudziewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985).

In the Amended Complaint, Plaintiff does not establish even minimal contacts that are necessary to subject Sovereign to the jurisdiction of this Court. Rather, Plaintiff, a resident of the state of Florida, references alleged conversations, mostly on the phone, between himself and Defendants Gelnett, Muir, Cheryl Brett and Calalang, but provides no information as to the location(s) of the various parties during the conversations. More importantly, Plaintiff alleges no

7

facts regarding any conversations with Sovereign. In addition, Sovereign has no offices or bank branches existing in the state of Delaware, nor has it purposely "directed its activities" to a party in this forum. It is impossible to ascertain from the Complaint what would subject Sovereign to the jurisdiction of this Court. Therefore, the Complaint should be dismissed with respect to Sovereign.

III.  THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO PROPERLY PLEAD EACH CLAIM

Federal Rule of Civil Procedure 8(a) provides, in part, as follows:

"Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends…"

F.R.C.P. 8(a).

Plaintiff's claim fails to present any statement describing the grounds for jurisdiction. Therefore, Plaintiff's Amended Complaint should be dismissed as to Defendant Sovereign Bank.

IV.  MOTION FOR A MORE DEFINITE STATEMENT

Federal Rule of Civil Procedure 12(e) provides as follows:

"Motion For More Definite Statement.
If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."

F.R.C.P. 12(e).

Other than the recitation of various titles and sections of the United States Code on the first page of the Amended Complaint, it is unclear how these portions of the Code are implicated

8

by the statements made in the Amended Complaint or how Sovereign has violated any such code or statute.

As plead, the Amended Complaint is not clear or concise and Sovereign is unable to meaningfully respond other than by this Motion.

Sovereign hereby respectfully requests, should the Court deny the relief requested above, that the Plaintiff be required to provide Sovereign with a more definite statement of its Complaint.

## **CONCLUSION**

Sovereign Bank respectfully requests that this Court dismiss the Amended Complaint filed by Plaintiff because it fails to state a claim upon which relief may be granted and the claims therein are not properly pleaded.  Furthermore, this Court lacks jurisdiction over Sovereign. Accordingly, Sovereign Bank respectfully requests that the Court enter an order dismissing this action with prejudice.

Dated: November 2, 2006  
Wilmington, DE

Respectfully submitted,

BUCHANAN INGERSOLL PC

By: /s/ Margaret M. Manning  
Margaret M. Manning (#4183)  
Magdeline D. Coleman (#4804) The Nemours Building  1000 West Street, Suite 1410  
Wilmington, DE 19801  
(302) 552-4200  
(302) 552-4295 (fax)  
Attorneys for Sovereign Bank

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANK BRETT, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. 06-410 GMS |
| v. | : | |
| | : | |
| ANDRE WOODLEY, | : | |
| SCOTT GELNETT (AMERICAN FAMILY | : | |
| MORTGAGE), | : | |
| SOVEREIGN BANK, | : | |
| SCOTT GELNETT'S BROTHER IN LAW | : | |
| (LOAN DEPARTMENT VICE | : | |
| PRESIDENT), | : | |
| DENNIS MUIR, ESQUIRE, | : | |
| KRISTINE CALALANG, | : | |
| JONI BERNER,    and | : | |
| CHERYL BRETT, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Margaret M. Manning, do hereby certify that I caused a true and correct copy of defendant Sovereign Bank's Motion to Dismiss the Amended Complaint and Opening Brief in Support thereof upon the following via U.S. Mail:

Frank Brett
120 Valencia Road
Rockledge, Florida 32995

Dated: November 2, 2006                    By: /s/ Margaret M. Manning
Wilmington, DE                                  Margaret Manning