IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANK BRETT | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-410 GMS |
| | ) | |
| ANDRE WOODLEY, et al. | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

On June 28, 2006, Frank Brett ("Brett") filed this *pro se* action against defendants Andre Woodley ("Woodley"), Scott Gelnett ("Gelnett"), Sovereign Bank ("Sovereign"), Dennis Muir ("Muir"), Kristine Calalang ("Calalang"), Joni Berner ("Berner"), and Cheryl Brett. In his complaint, Brett claims that the defendants were involved in a conspiracy whereby Gelnett and Gelnett's brother-in-law (who Brett claims is a Vice President at Sovereign) repeatedly changed the terms of a loan promised to him in order to "get more money" for Gelnett and his brother in law. (D.I. 1 at 5.) Brett's complaint alleges violations of the following statutes: 12 U.S.C. § 2601, 15 U.S.C. §§ 1601-1613, 15 U.S.C. § 1639, and 15 U.S.C. § 1681. (Id. at 1.) The complaint also alleges a violation of 12 C.F.R. § 226.9. (Id.) Brett filed an Amended Complaint on September 22, 2006, which added claims under 47 U.S.C. § 214, 47 U.S.C. § 222, 47 U.S.C. § 223, 47 U.S.C. § 225, 47 U.S.C. § 332, and 47 U.S.C. § 605. (D.I. 3 Attachment B at 1.) Brett seeks $415,800 in total damages. (Id. at 3.)

Presently before the court are motions to dismiss for failure to state a claim filed by: (1) Woodley and Gelnett, (2) Sovereign, and (3) Muir (collectively, the "moving defendants"). For the reasons that follow, the court will grant all three motions.

## II.    BACKGROUND

The following facts are taken from the plaintiff's amended complaint. On January 6, 2006, Gelnett told Brett that he could get Brett a loan with a 5.375% interest rate and no points. (D.I. 3 Attachment B at 2.) The next day, Gelnett and Brett met again, but the loan that Gelnett was offering now carried a 6.25% interest rate. (Id.) Gelnett said that the rates had changed overnight. (Id.) Brett called Muir, his divorce attorney, who confirmed the overnight rate change and said that the change in terms did not violate the Truth in Lending Act. (Id.) Brett then signed a lock in rate letter that included the new terms. (Id.) Brett further alleges that Gelnett informed Brett of additional changes in the terms of the loan on January 20, January 26, and January 27, 2006. (See id. at 2-3.)

According to Brett, Cheryl Brett treated him discourteously by "ha[ving] bad intent" and "us[ing] foul language," and Gelnett, Muir, and Cheryl Brett invaded his privacy by recording their conversations with him. (Id. at 2.) Although not directly stated in the amended complaint, Brett's belief that his conversations were recorded by these defendants appears to be derived from his observation that these defendants had their cell phones out during conversations with him. (See, e.g., id. at 4.) Brett also seems to imply that there was a connection between the alleged recording activities and the changes in his loan terms, although the amended complaint never makes such a connection explicit:

> I asked [Cheryl Brett] where her cell phone was. She used the (F) word again And [sic] told me to go to hell…She turned to walk away. I could see her cell phone in her pants Leg [sic]…I told Dennis Muir that after every conversation with Chery [sic] Brett And Scot [sic] Gelnett that my rates changed & whent up [sic]. This is deceptive business practice.

(Id. at 4-5.)

**III.    STANDARD OF REVIEW**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In particular, the court must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir. 1988). *Pro se* complaints are held to "less stringent legal standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

**IV.    DISCUSSION**

    **A.    Claims Under The Communications Act of 1934 and Telecommunications Act of 1996.**

In the litany of United States Code provisions cited by Brett as providing the basis for his claims, he alleges that the defendants violated 47 U.S.C. §§ 214, 222, 223, 225, 332, and 605. (D.I. 3 at 1.) These provisions are part of the Communications Act of 1934, as amended by the Telecommunications Act of 1996, and regulate a number of activities relating to telecommunications. As is the case with many of Brett's claims, the Amended Complaint does

not appear to connect these statutory provisions to any specific facts. It seems that the claims are based on Brett's allegations that several of the defendants recorded their telephone and other oral communications with him. (See id. Attachment B at 1.) However, the provisions of the Communications Act averred by Brett apply only to the regulation of common telecommunication carriers. *See, e.g., Joe Hand Promotions, Inc. v. Rennard Street Enterprises, Inc.*, 954 F. Supp. 1046, 1052 (E.D. Pa. 1997) (holding that the relevant portion of 47 U.S.C. § 605 applies only to communication carrier personnel). Since none of the named defendants are common communication carriers or employees of such carriers, the cited provisions cannot form the basis for a cause of action against the defendants in this case.

Even if the court were to read Brett's allegations as a claim of illegal wiretapping under 18 U.S.C. § 2511, Brett's claim would fail, since it is not unlawful for an individual to record conversations in which he or she is a participant. 18 U.S.C. § 2511(2)(d) (2000) ("It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception . . .").

**B.     Claims Under 12 U.S.C. § 2601 and 15 U.S.C. § 1681**

Brett also alleges that the defendants violated 12 U.S.C. § 2601 and 15 U.S.C. § 1681. (D.I. 3 at 1.) However, these provisions do not mandate or proscribe particular activities; they merely lay out the Congressional findings and purposes for the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. § 2601) and the Fair and Accurate Credit Transactions Act of 2003 (15 U.S.C. § 1681). Neither of these provisions provides the basis for a civil cause of action, and thus cannot properly serve as the basis for a claim against any of the defendants.

### C.    Truth In Lending Act (TILA) Claims

Finally, Brett's amended complaint alleges that the defendants violated several provisions of the Truth in Lending Act ("TILA"), codified at 15 U.S.C. §§ 1601, et seq. (D.I. 3 at 1.)  Specifically, Brett alleges that the defendants violated 15 U.S.C. §§ 1601-13 and 1639. Claims brought under § 1639 are subject to a three-year statutory limitations period.  *See* 15 U.S.C. § 1640(e).  Claims brought under all other sections of TILA are subject to one-year limitations period.  *See id.*  Brett's amended complaint states that the last alleged discriminatory act occurred on January 20, 2005.  Although the amended complaint states that the alleged discriminatory practices were continuing at the time it was filed, the statements of fact attached to it do not refer to any events later than January 27, 2005.  Additionally, according to fact statements submitted by three of the defendants, the closing date on Brett's loan (an event that is inexplicably not mentioned in Brett's amended complaint) was February 7, 2005.  Indeed, nothing in Brett's amended complaint indicates that any of the events giving rise to the claim occurred after that date.  Brett filed his complaint with this court on June 28, 2006.  Thus, even under a most generous reading of the limitations period, Brett's claims alleging violations of 15 USC §§ 1601-1613 must be dismissed as untimely.[1]

---

[1] Brett's complaint also lists 12 C.F.R. § 226.9 as a statutory provision creating a cause of action. However, § 226.9 is not a statutory provision, but rather an administrative regulation promulgated by the Federal Reserve Board to facilitate the enforcement of TILA.  Private citizens cannot enforce such regulatory provisions through civil litigation unless the statutory basis for the regulation indicates that Congress intended the regulation in question to create a private cause of action.  *See Reschini v. First Federal Sav. & Loan Ass'n of Indiana*, 46 F.3d 246, 255 (3d Cir. 1995) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575-77 (1979)) (holding that a regulatory provision did not create a private cause of action where the plaintiff failed to identify any provision of the relevant statutory authority that indicated Congressional intent to create a private cause of action).  Since Brett has made no such showing of Congressional intent here, the court concludes that § 226.9 does not independently confer standing upon private citizens to enforce its provisions through civil litigation.

For the remaining claim, § 1639, Brett's allegations do not meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. The court is guided by the Third Circuit's opinion in *Adams v. Coppola*, 53 Fed. Appx. 661 (3d Cir. 2002) (citing *In re Westinghouse Securities Litig.*, 90 F.3d 696 (3d Cir. 1996), which addresses the sufficiency of a *pro se* plaintiff's complaint. In *Adams*, the Third Circuit noted that "the District Court, after reviewing [the plaintiffs'] original complaint, characterized it as 'rambling' and replete with 'typographical and grammatical errors' and expressed frustration with its inability cogently to articulate its apparent claims." *Id.* The district court dismissed the plaintiffs' claims for failing to meet the pleading requirements of Rule 8(a), and the Third Circuit affirmed. *Id.* at 662.

The district court's description of the complaint in *Adams* aptly describes the amended complaint in this case as well. For instance, Brett avers in his amended complaint:

> I asked Dennis Muir why Kristin (sic) Calalang was talking to my mortgage person. I told Dennis Muir that it was his job to talk to my mortgage person. That is why I was paying him. I told Dennis Muir that Kristine Calalang told Scot (sic) Gelnett I was occasionally going to a strip bar. Dennis Muir said it does not matter. Dennis said I could go to whorehouses in any strip bar. it (sic) does not matter. Dennis said he would make sure everything was ok. Dennis Muir did not. This cost me $6,600.00 plus $2,000.00 for Real Estate Attorney.

(D.I. 3 Attachment B at 3.) In this sample of the amended complaint, it is difficult for the court to discern the relationship between the allegations and Brett's legal claims. This ambiguity occurs throughout the amended complaint. Brett never identifies which facts support which claims -- or even which defendants are associated with which claims -- and the facts themselves are presented in such an incoherent manner that it is impossible for the court to determine the bases for the legal claims. In sum, Brett's amended complaint is so lacking in clarity that "[t]he court cannot determine the substance, if any, of the legal argument[s]" involved. *American*

*Silver LLC v. Emanuel Covenant Communities*, No. 2:06CV843DAK, 2007 WL 1468600 * 4 (D. Utah 2007). For these reasons, the court must dismiss Brett's remaining claims against the moving defendants.[2]

Dated: June 8, 2007                                     /s/ Gregory M. Sleet
                                                        UNITED STATES DISTRICT JUDGE

---

[2] The defendants also filed motions for a more definite statement under Rule 12(e) and moved to dismiss on several other grounds. Because the court grants the defendants' motions to dismiss under Rule 12(b)(6), it need not address these alternative arguments.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRANK BRETT | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-410 GMS |
| | ) | |
| ANDRE WOODLEY, et al. | ) | |
| | ) | |
| Defendants | ) | |

## **ORDER**

For the reasons stated in the court's memorandum of this same date, IT IS HEREBY ORDERED that:

1. Dennis Muir's Motion to Dismiss (D.I. 5) is GRANTED. The plaintiff's claims against Muir are dismissed with prejudice.

2. Sovereign's Motion to Dismiss for Failure to State a Claim (D.I. 11) is GRANTED. The plaintiff's claims against Sovereign are dismissed with prejudice.

3. Andre Woodley and Scott Gelnett's motion to Dismiss for Failure to State a Claim (D.I. 22) is GRANTED. The plaintiff's claims against Woodley and Gelnett are dismissed with prejudice.

4. Sovereign's Motion to Strike the Answering Brief in Opposition (D.I. 17) is DENIED as moot.

5. The plaintiff's Motions to Compel (D.I. 34, 35) are DENIED as moot.

Dated: June 8, 2007                                       /s/ Gregory M. Sleet
                                                         UNITED STATES DISTRICT JUDGE